UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 11-0945 PSG |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| LOUIS AGRONT, SR., | **(Re: Docket No. 28)** |
| Defendant. | |

Defendant Louis Agront, Sr. ("Agront") challenges the constitutionality of the regulation under which he was convicted on May 30, 2012. Because the court does not find that the regulation, as applied in this case, is unconstitutionally vague, Agront's motion to dismiss the information charging him is DENIED.

### I. BACKGROUND

The facts of this case are straightforward. Agront was brought by his family to the Palo Alto Veterans Administration ("VA") medical facility. Although Agront understood he was there to receive treatment for his injured knee, his family sought an evaluation of Agront's recent and unusual behavioral changes and sudden weight loss. After Agront initially spoke with VA employees, he became upset and left the facility. Later that same day, Agront's family persuaded him to return. Once again, Agront got upset, such that his manner of speaking became pressured.

1

Agront then again left the facility, this time with his son following after. Outside the facility, Agront and his son ultimately began shouting at each other, such that the confrontation could be heard inside the facility some 25 yards away. A VA nurse and social worker were drawn away from their ordinary tasks to monitor the situation outside.

VA Police Officer David Calkins ("Calkins") responded to a call for assistance. Before exiting his vehicle 15 yards from the two Agronts, Calkins heard the shouting. The shouting continued as Calkins approached Agront and his son, and Calkins repeatedly requested Agront to sit on the ground. After Agront refused these commands, he was taken into custody. Agront was ultimately charged with violating 38 C.F.R. § 1.218(b)(11), which prohibits "loud, boisterous and unusual noise" on VA property.

Agront moved to dismiss the information that the regulation as applied was unconstitutionally vague and therefore void. Because of the "as applied" theory of Agront's motion, the motion was deferred pending trial. Agront was then tried before the undersigned. After a one-day trial in which six witnesses, including Calkins, testified, the court found Agront guilty as charged.

## II.   ANALYSIS

Agront contends that Section 1218(b)(11) violates the due process clause of the Fifth Amendment because it is so vague as applied in his case that it failed to reasonably apprise him of the conduct for which he was charged. The section prohibits "[d]isorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tend to impede or prevent the normal operation of a service or operation of the facility."[1]

---

[1] The court agrees with the government that, to the extent Agront separately raises a selective prosecution argument in that he was charged while his son was not, Agront waived such an argument by not raising the issue before trial.

2

Case No.: CR 11-00945 PSG
ORDER

A statute is void for vagueness if a person of average acumen could not comprehend what conduct is prohibited by the statute.[2] The point of the vagueness doctrine is to avoid "impermissibly delegat[ing] basic policy matters to policemen, judges, and juries for resolution on an ad hoc basis."[3]

The court cannot find anything in the application of Section 1218(b)(11) in this case that meets either of these requirements. As an initial matter, "'loud,' 'unusual' and 'boisterous' are easily and understandably defined: 'Loud'— marked by intensity or volume of sound; 'unusual'— no usual, not common, rare [and] 'boisterous'— noisily turbulent . . . . There is not nothing vague or counterintuitive in this language."[4] While the regulation could further particularize the conduct it seeks to prohibit, imposing such a burden on the regulation's drafters would make impossible the task of writing criminal statutes broad enough to encompass a panoply of conduct and specific enough to fairly apprise citizens of what behavior is unlawful.[5] Agront argues that prior cases rejecting vagueness challenges to Section 1218(b)(11) have "grafted" on to the regulation "a controlling standard of conduct" requirement that is not met here because the government presented no evidence that Agront's conduct in the parking lot disturbed the serenity inside the medical facility.[6] But witnesses testified that the parking lot disturbance could be heard from inside the facility, and at least two VA employees were taken from their duties as a result. Because these

---

[2] *See Connally v. Gen. Construct. Co.*, 269 U.S. 385, 391 (1926). *See also United States v. Lanier*, 520 U.S. 259, 266 (1997) (holding that due process bars enforcement of statute or regulation "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application").

[3] *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). *See also Kolender v. Lawson*, 461 U.S. 352, 257 (1983) (noting "the requirement that a legislature establish minimal guidelines" to constrain the discretion of law enforcement officials).

[4] *United States v. Dyers*, Case No. CR 1:06-MJ-455-AJB, 2007 WL 397109, at *8, 9 (N.D. Ga. 2007) (citations omitted).

[5] *See Colten v. Kentucky*, 407 U.S. 104, 110 (1972).

[6] *See, e.g., United States v. Williams*, Case No. 89-3720, 1990 WL 811 (6th Cir. Jan. 8, 1990); *United States v. Fentress*, 241 F. Supp. 2d 526, 530 (D.Md. 2003).

3
Case No.: CR 11-00945 PSG
ORDER

duties do not include such monitoring of a parking lot disturbance, this was a sufficient disturbance of the serenity of the facility to meet any "controlling standard of conduct" properly read into the prohibition.

**IT IS SO ORDERED.**

Dated: 8/3/2012

PAUL S. GREWAL
United States Magistrate Judge

4

Case No.: CR 11-00945 PSG
ORDER