UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS AGRONT, SR.,<br><br>    Defendant. | Case No. CR-11-00945-RMW<br><br>**ORDER AFFIRMING JUDGMENT OF CONVICTION**<br><br>[Re Docket No. 39] |

Defendant Louis Agront Sr. was convicted of disorderly conduct for creating a loud, boisterous and unusual noise at the Veterans Administration ("VA") hospital in Palo Alto, California, in violation of 38 C.F.R. § 1.218(b)(11). The trial was heard by Magistrate Judge Paul S. Grewal. Defendant appeals his conviction arguing that the regulation he was found to have violated is unconstitutionally vague as applied to him and that there was insufficient evidence to support the conviction.

### I.     BACKGROUND

The trial judge trial fairly summarized the evidence as follows:

> Agront was brought by his family to the Palo Alto Veterans Administration ("VA") medical facility. Although Agront understood he was there to receive treatment for his injured knee, his family sought an

ORDER
CASE NO. CR-12-02646-RMW
SW
- 1 -

> evaluation of Agront's recent and unusual behavioral changes and sudden weight loss. After Agront initially spoke with VA employees, he became upset and left the facility. Later that same day, Agront's family persuaded him to return. Once again, Agront got upset, such that his manner of speaking became "pressured." Agront then again left the facility, this time with his son following after. Outside the facility, Agront and his son ultimately began shouting at each other, such that the confrontation could be heard inside the facility some 25 yards away. A VA nurse and social worker were drawn away from their ordinary tasks to monitor the situation outside.
>
> VA Police Officer David Calkins ("Calkins") responded to a call for assistance. Before exiting his vehicle 15 yards from the two Agronts, Calkins heard the shouting. The shouting continued as Calkins approached Agront and his son, and Calkins repeatedly requested Agront to sit on the ground. After Agront refused these commands, he was taken into custody. Agront was ultimately charged with violating 38 C.F.R. § 1.218(b)(11), which prohibits "loud, boisterous and unusual noise" on VA property.
>
> Agront moved to dismiss the information that the regulation as applied was unconstitutionally vague and therefore void. Because of the "as applied" theory of Agront's motion, the motion was deferred pending trial. Agront was then tried before the undersigned. After a one-day trial in which six witnesses, including Calkins, testified, the court found Agront guilty as charged.

Order Denying Motion to Dismiss 1-2, Dkt. No. 31.

The magistrate judge denied Agront's motion to dismiss finding that the regulation, as applied in this case, was not unconstitutionally vague. *Id.* Pursuant to Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure, Agront appeals his conviction. Notice of Appeal, Dkt. No. 39.

## II. ANALYSIS

A district court reviews the appeal of a judgment of conviction rendered by a magistrate judge. Fed. R. Crim. Proc. 58(g)(2)(B). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. Proc. 58(g)(2)(D). Agront raises two issues in the appeal of his conviction. He argues that: (1) the law is unconstitutional as applied to him; and (2) the evidence was insufficient to convict him.

A.   **Unconstitutional Vagueness**

Agront was charged in the Information with violating 38 C.F.R. section 1.218(b)(11), which prohibits "[d]isorderly conduct which creates loud, boisterous, and unusual noise [while on any property under the charge and control of VA]." He was not charged with other disorderly conduct proscribed by the regulation, specifically disorderly conduct which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility." *Id.* Agront contends that the regulation is unconstitutionally vague as applied to him.

Whether a statute is void for vagueness is a question of law reviewed *de novo*. *United States v. Rodriguez*, 360 F.3d. 949, 953 (9th Cir. 2004). Under due process, a "statute is void for vagueness if its prohibitions are not clearly defined, because people of ordinary intelligence ought to be able to know what is prohibited, and laws must provide explicit standards for those who apply them to avoid arbitrary and discriminatory enforcement by police, judges and juries." *United States v. Harris,* 185 F.3d 999, 1004 (9th Cir. 1999).

The only cases the parties have cited, or the court has found, that directly consider the constitutionality of the regulation at issue have upheld it against facial challenges and determined that it is not void for vagueness or overbroad. *See United States v. Fentress*, 241 F. Supp. 2d 526, 529 (D. Md. 2003), *aff'd*, 69 F. App'x 643 (4th Cir. 2003); *United States v. Williams*, 892 F.2d 1044, 1990 WL 811, *2 (6th Cir. 1990) (unpublished)[1]; *United States v. Dyers*, 2007 WL 397109 (N.D. Ga. Jan. 30, 2007). The court agrees with these decisions and the magistrate judge's conclusion here that the regulation is not unconstitutionally vague or overbroad.

The court in *Dyers'* aptly summarized the issue:

> The terms . . . "loud," "unusual," "boisterous" [] are easily and understandably defined: "loud"-marked by intensity or volume of sound, Merriam-Webster's Collegiate Dictionary 689 (10th ed.1999); "unusual"- not usual, not common, rare, *id.* at 1297; "boisterous"-noisily turbulent, *id.* at 129. In the context of the challenged provisions, the "regulations warn a citizen against 'loud, boisterous and unusual noise' and against any behavior which is otherwise disruptive to the VA hospital's normal

---

[1] *Williams* is an unpublished opinion and, therefore, is not citable authority but like any other writing on a point of law may be considered for the persuasiveness of its reasoning.

ORDER
CASE NO. CR-12-02646-RMW
SW
- 3 -

functioning." *Williams*, 1990 WL 811 at * 2.  There is nothing vague or counterintuitive in this language.

*United States v. Dyers*, 2007 WL 397109, *8, 9 (N.D. Ga. 2007).

Agront claims that *Fentress*, *Williams,* and *Dyers* all considered the second part of the regulation, which prohibits conduct that tends to impede normal operations, to give guidance on how the prohibition on "loud, boisterous, and unusual noise" is supposed to be applied. *See* Def.'s Br. 7.  He argues that to establish a violation these cases require proving an extra element, namely that the noise tended to disturb the routine operations of the hospital. *Id.*  He contends that here there is insufficient evidence to establish that the routine operations of the hospital were disturbed.  The court disagrees.

The evidence established that two VA employees were taken from their regular duties to deal with the disturbance.  Agront argues that the VA employees were working with him and his family at the time and thus his actions did not disrupt them from any other duties.  Def.'s Br. 8-9.  Dealing with the yelling in the VA parking lot, however, is not part of the VA employees' regular duties and therefore Agront's actions disturbed normal operation of the facility.  Further, the question is not whether his disorderly conduct actually disturbed anyone, it is whether the "loud, boisterous, and unusual noise" he created would tend to impede the routine operations of the facility.

The court questions whether a controlling standard of conduct should be added to what the government is required to prove.  The government only charged that the defendant "engaged in disorderly conduct which created a loud, boisterous and unusual noise, while on property under the charge and control of the Veteran's Administration," Information, Dkt. No. 1,  and did not charge the alternative of disorderly conduct that obstructed use or prevented normal operations.  However, what is clear is that the violation refers to conduct that is disorderly with respect to a facility under the charge and control of the Veteran's Administration.  A person of common intelligence would understand that the prohibition on "loud, boisterous, and unusual noise" is in relation to the environment of a VA facility as opposed to a baseball stadium or train station.  Such a prohibition is sufficiently clear.

Agront asserts that the law is unconstitutionally vague *as applied* to him as shown by the fact that others making similar disturbances were not similarly cited. A regulation may be unconstitutionally vague if it authorizes or encourages "arbitrary and discriminatory enforcement," *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999), or if it "impermissibly delegates basic policy matters to policemen . . . for resolution on an *ad hoc* and subjective basis." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). However, whether or not a "controlling standard of conduct" as suggested by Agront is added to the prohibition on "loud, boisterous, and unusual noise," the regulation was not arbitrarily enforced against Agront and did not delegate basic policymaking decisions to law enforcement.

The decision to cite only Agront was not made arbitrarily but rather through observations and investigation into the incident. Agront, for example, in contrast to his son, fail to obeyed police orders. Officer Calkins's decided to cite defendant and not his son based on his investigation and the appropriate exercise of discretion (not as to whether there was a violation but rather whether a citation was necessary). Therefore, the regulation was not unconstitutionally applied to him.

**B.     Sufficient Evidence**

Sufficiency of evidence is reviewed *de novo*. *See United States v. Rizk*, 660 F.3d 1125, 1134 (9th Cir. 2011). Evidence is insufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could [not] have found the essential elements of the crime beyond a reasonable doubt." *Id.* There is no question that there was a shouting match in the VA parking lot. Taking the evidence in the light most favorable to the prosecution, the court finds that there was sufficient evidence to support the conviction.

### III.     ORDER

The judgment of conviction is affirmed.

Dated: April 9, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge